SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DELARSE MONTGOMERY**,

    Plaintiff,

    v.        Civil Action No. 10-cv-1223 (RLW)

**JOSHUA GOTBAUM**, Director,
  **Pension Benefit Guaranty Corporation**,

    Defendant.

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff DeLarse Montgomery ("Montgomery") has filed, on a *pro se* basis,[2] a Motion for a New Trial Due to Fraud on the Court. (Dkt. No. 46 ("Pl.'s Mtn.")). Therein, Montgomery asks the Court to set aside its prior decision granting Defendant's Motion for Summary Judgment and dismissing the entirety of Montgomery's claims in this action with prejudice. (Dkt. Nos. 44, 45). Montgomery contends that Defendant "perpetrate[d] and misled the court in a deceptive and deliberate misrepresentation of material facts that amounted to fraud on the court." (Pl.'s Mtn. at 2). Although Montgomery invokes "CFR 59(a)(2)" and "CFR 60(d)(3)" as the basis for

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

[2] Although Montgomery was historically represented by counsel throughout these proceedings, on March 14, 2013, his attorneys sought leave to withdraw their appearance with Montgomery's consent, pursuant to Local Civil Rule 83.6(c), due to Montgomery's decision to conduct the remainder of these proceedings *pro se*. The Court granted that motion.

the relief he seeks, the Court presumes that he mistakenly referred to the Code of Federal Regulations rather than the Federal Rules of Civil Procedure, and so construes Montgomery's motion under Federal Rules of Civil Procedure 59(e) and 60(d)(3).[3] Because Montgomery fails to establish an entitlement to relief under either standard, however, the Court will **DENY** his Motion for a New Trial for reasons briefly set forth herein.

Federal Rule 60(d)(3) guarantees the Court's power to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). Relief due to "fraud on the court" is very rarely warranted, and the concept "is typically confined to the most egregious cases, such as bribery of a judge or a juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters,* 675 F.2d 1349, 1356 (4th Cir. 1982). Even instances of "perjury or fabricated evidence are not grounds for relief as 'fraud on the court.'" *Id.* at 1357 (collecting cases). None of the arguments advanced by Montgomery even comes close to the realm of "the more egregious forms of subversion of the legal process" that would amount to "fraud on the court." *Id.*; *see also Kenner v. Comm'n of Internal Revenue*, 387 F.2d 689, 691 (7th Cir. 1968). The Court therefore denies his motion on these grounds.

Although somewhat broader, motions to alter or amend under Rule 59(e) are similarly disfavored, "and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). As

---

[3] Relatedly, although Montgomery references "59(a)(2)," that subsection applies to a motion for new trial following a non-jury trial, which is inapplicable here. Instead, subsection (e) of Federal Rule of Civil Procedure 59—which governs a motion to alter or amend a judgment—would be the subsection applicable to Montgomery's request for relief. Given Montgomery's *pro se* status, the Court construes his motion accordingly.

explained by our Circuit, a Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006). Consequently, "a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously," *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993), nor is a Rule 59 motion a means by which to "reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Montgomery plainly fails to demonstrate any entitlement to relief under Rule 59(e), given that his arguments are essentially a rehash of the very same theories that the Court previously considered and rejected. The Court finds no reason to depart from that ruling now.

Accordingly, Montgomery's Motion for a New Trial is **DENIED**.

This is a final appealable order.

**SO ORDERED.**

Date: March 15, 2013

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT L. WILKINS
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge